Filed 6/20/23  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091746 |
| Plaintiff and Respondent, | (Super. Ct. No. CR68241) |
| v. | OPINION ON TRANSFER |
| DARREL M. SMITH, | |
| Defendant and Appellant. | |

Defendant Darrel M. Smith[1] appeals from the denial of his postconviction petition for relief under Penal Code[2] section 1172.6.[3]  Counsel for defendant filed a brief seeking

---

[1]    Defendant's name is listed multiple ways throughout the record.  While the original abstract of judgment lists defendant's name as "Darrel Maurice Smith," this court's prior orders, the petition for review by our Supreme Court, and our high court's order list defendant's name as "Darrel M. Smith"; we use the latter name in this opinion for consistency.

[2]    Further undesignated statutory references are to the Penal Code.

[3]    Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 with no substantive change in the text.  (Stats. 2022, ch. 58, § 10.)

1

our independent review under *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal. Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we will dismiss the appeal as abandoned.

FACTUAL AND PROCEDURAL BACKGROUND

In January 1984, defendant went to the residence of T.C., with whom he previously had been romantically involved. He shot both her and another woman, who was present, in the legs. He then shot T.C.'s fiancé, D.H., in the head, killing him.

By stipulation of the parties, a court trial was held and defendant was found guilty by the trial court of second degree murder based on evidence submitted at the preliminary examination. The trial court also found defendant personally used a firearm. Defendant was sentenced to an indeterminate term of 15 years to life for murder, plus two years consecutive for the firearm enhancement.

In January 2019, defendant filed a form petition for resentencing under section 1172.6, checking boxes declaring that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a felony-murder theory or under the natural and probable consequences doctrine; he was convicted of first or second degree murder under the felony-murder rule or natural and probable consequences doctrine; and he could not now be convicted of first or second degree murder because of the changes to sections 188 and 189. Defendant also checked a box declaring that he was convicted of second degree murder under the natural and probable consequences doctrine or second degree felony murder and could not now be convicted under the changes to section 188. The trial court appointed a public defender to represent defendant.

The prosecution filed a response arguing that the petition should be dismissed because (1) Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4,

---

Defendant filed his petition under former section 1170.95. We will refer to the current section 1172.6 throughout this opinion.

effective Jan. 1, 2019), which enacted section 1172.6, is unconstitutional and (2) defendant was the actual killer and therefore not eligible for relief.

Defendant filed a reply arguing, inter alia, that (1) an actual killer convicted of second degree murder is not ineligible for relief; (2) at the prima facie stage, defendant's factual allegations should be taken as true; and (3) Senate Bill No. 1437 is constitutional.

On February 5, 2020, the trial court denied the petition. The trial court noted that defendant entered a "slow plea[,] allowing the court to determine his guilt based on the preliminary [examination] transcripts." The trial court concluded that defendant could have been found guilty "solely on an implied malice theory." The trial court found no basis for guilt under the natural and probable consequences doctrine because defendant acted alone and shot the gun, or for felony murder because the underlying felony was assault, "which under the merger doctrine . . . could not have been [a] basis for second degree felony-murder."

Defendant filed a timely notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed a brief under *Wende* requesting that we independently review the entire record on appeal and stated defendant had been advised by counsel of the right to file a supplemental brief to raise any issues defendant believed deserved review.

We dismissed the appeal as abandoned. The California Supreme Court granted defendant's petition for review and deferred the matter pending our high court's decision in *Delgadillo*. When our Supreme Court issued its opinion in *Delgadillo*, *supra*, 14 Cal.5th 216, the case was transferred back to this court with directions to vacate our order dismissing the appeal and reconsider the matter under *Delgadillo*. We vacated our order dismissing the appeal.

We informed defendant by letter that appellate counsel had filed a no-issue brief requesting independent review under *Wende*. However, because this case arose from an order denying postconviction relief, defendant was not constitutionally entitled to counsel

3

or an independent review of the record. We notified defendant that, under *Delgadillo*, he had 30 days to file a supplemental brief or letter raising any issue he wished us to consider. If we did not receive a supplemental letter or brief, the appeal may be dismissed as abandoned. Defendant did not file a supplemental brief.

We consider defendant's appeal abandoned and order the appeal dismissed. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The appeal is dismissed.


                                        /s/_____
                                        ROBIE, Acting P. J.


We concur:


/s/_____
KRAUSE, J.


/s/_____
EARL, J.